UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YANJUAN CHEN,

                  Petitioner,

     v.

TODD BLANCHE, *et al.*,

                  Respondents.

Case No. C26-1762-MLP

ORDER

Petitioner Yanjuan Chen, through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that her redetention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, violates the Due Process Clause of the Fifth Amendment. (Dkt. # 1.) Respondents filed a return (dkt. # 5), supported by the unsworn declaration of their counsel, Lawrence Van Daley (dkt. # 7), and the sworn declaration of ICE Deportation Officer Gennadiy Baz (dkt. # 6). Petitioner filed a reply. (Dkt. # 10.) Having considered the parties' submissions and the governing law, the Court GRANTS in part the petition (dkt. # 1).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## I.    BACKGROUND

Petitioner is a native and citizen of China who entered the United States on June 9, 2024. (Baz Decl., ¶¶ 3-4.) On June 15, 2024, Petitioner was served with a Notice to Appear, charging her as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(a)(6)(A)(i), and was released on an Order of Release on Recognizance ("OREC"). (*Id.*, ¶¶ 4-5; Van Daley Decl., Ex. 5.)

On September 28, 2025, Petitioner was arrested by the Okanogan County Sheriff's Department and charged with Assault in the Fourth Degree, Domestic Violence. (Baz Decl., ¶ 6; Van Daley Decl., Ex. 2.) Those charges remain pending in Okanogan County District Court. (Baz Decl., ¶ 6.) On September 29 and 30, 2025, U.S. Border Patrol agents encountered Petitioner at the Okanogan County jail and took her into custody. (Baz Decl., ¶ 7; Van Daley Decl., Exs. 2-3.) On October 1, 2025, Petitioner was booked into the NWIPC, where she remains in custody. (Baz Decl., ¶ 7.)

On October 13, 2025, Petitioner requested a bond redetermination hearing before the Tacoma Immigration Court. (Baz Decl., ¶ 8.) A hearing was scheduled for October 22, 2025, but Petitioner withdrew the request prior to the hearing. (*Id.*) On November 18, 2025, Petitioner appeared for an individual calendar hearing before an Immigration Judge. (*Id.*, ¶ 9.) The Immigration Judge denied all applications for relief from removal and ordered Petitioner removed to China. (*Id.*; Van Daley Decl., Ex. 4.) On December 11, 2025, Petitioner filed a timely appeal with the Board of Immigration Appeals, which remains pending. (Baz Decl., ¶ 9.)

Petitioner filed this habeas petition on May 21, 2026. (Dkt. # 1.) She contends that her redetention is unlawful because "due process demands a hearing *prior* to the government's decision to terminate a person's liberty." (*Id.* at 3 (emphasis in original).)

ORDER - 2

## II.      LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.      DISCUSSION

### A.      Petitioner is Subject to Discretionary Detention Under 8 U.S.C. § 1226(a)

Respondents first argue that Petitioner is detained pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). (Dkt. # 5 at 6-7.) The Court disagrees. Petitioner was released on an OREC, which is issued when a detainee is released pursuant to 8 U.S.C. § 1226. *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). Nothing in the record supports treating Petitioner as a noncitizen seeking admission subject to § 1225(b)'s mandatory detention scheme. *See, e.g.*, *Carrascal-Omeara v. Hernandez*, Case No. C26-1476, dkt. # 13 at 3-6 (W.D. Wash. May 27, 2026). The Court therefore concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary detention framework.

### B.      Petitioner's Redetention Violated Due Process

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing

ORDER - 3

interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

Petitioner contends that all three factors weigh in her favor. (Dkt. ## 1 at 7-10; 10 at 8-10.) Aside from arguments related to § 1225(b) and a reference to Petitioner's pending criminal case, Respondents do not meaningfully address the *Mathews* factors in the context of discretionary detention under § 1226(a). (*See* dkt. # 5 at 7-9.)

### 1.   Private Interest

Petitioner's interest in remaining free from physical confinement is a substantial liberty interest. *See Zadvydas*, 533 U.S. at 690; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). An individual who was initially released from immigration custody is deprived of this interest upon renewed detention. *See Makuey v. Scott*, 2025 WL 3640900, at *4 (W.D. Wash. Dec. 16, 2025). Here, Petitioner was arrested on June 9, 2024, but released on June 15, 2024. At that point, she "took with [her] a liberty interest which is entitled to the full protections of the [D]ue [P]rocess [C]lause." *Ramirez Tesara*, 800 F. Supp. 3d at 1136; *see Makuey*, 2025 WL 3640900, at *4.

Accordingly, the first *Mathews* factor favors Petitioner.

### 2.   Risk of Erroneous Deprivation

The risk of erroneous deprivation is high. Courts in this District have consistently held that the government violates due process when an individual placed in removal proceedings and released on her own recognizance is later redetained without a pre-deprivation hearing. *See Singh v. Noem*, 2026 WL 265670, at *5 (W.D. Wash. Feb. 2, 2026) (collecting cases).

ORDER - 4

Respondents argue that Petitioner's redetention was justified because it followed a new criminal arrest. (Dkt. # 5 at 8.) But they do not explain how a pending criminal charge, on which no final decision has been reached, establishes a violation of "local, State, or Federal laws or ordinances." (*See* Van Daley Decl., Ex. 5.) As this Court has observed, "there are fundamental differences between an allegation, a criminal charge, and a criminal conviction," and the habeas court "does not adjudicate the truth of the allegation against Petitioner." *Corado v. Bondi*, 2026 WL 1113386, at *5 (W.D. Wash. Apr. 24, 2026). In addition, courts have repeatedly recognized that when the government seeks to redetain a previously released noncitizen based solely on unadjudicated allegations, the risk of error is high and a pre-deprivation hearing has substantial value. *See Singh*, 2026 WL 265670, at *5-6; *Awa v. Noem*, 2026 WL 943593, at *2 (W.D. Wash. Apr. 8, 2026) ("the fact Petitioner violated a condition of OREC, without more, does not justify completely stripping him of his due process rights").

The second *Mathews* factor therefore also weighs in Petitioner's favor.

### 3. Governmental Interest

The government has legitimate interests in enforcing the immigration laws, protecting the community, and ensuring that noncitizens appear for immigration proceedings. However, Respondents identify no concrete way in which providing a brief, pre-deprivation custody hearing prior to redetention would materially impede those interests. Custody and bond hearings already occur regularly within the existing immigration system, and courts have repeatedly found that the incremental administrative burden of such hearings is modest when weighed against the risk and consequences of erroneous detention. *See*, *e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). On this record, Respondents have not shown exigent circumstances that would render pre-deprivation process impracticable.

ORDER - 5

In sum, all three *Mathews* factors favor Petitioner. Habeas relief is therefore warranted. Given the lack of lawful process at the outset of detention and the absence of exigent circumstances, release is the appropriate and constitutionally required remedy. This conclusion aligns with a broad consensus among district courts. *See Rojas v. Almodovar*, 2025 WL 3034183, at *8 (S.D.N.Y. Oct. 30, 2025) (holding that where "detention was invalid at its inception[,]" petitioner is "entitled to release."); *see also*, *e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).

### C.    Other Relief

Petitioner also seeks a permanent injunction barring any future redetention without notice and a hearing at which the government must prove, by clear and convincing evidence, that she is a flight risk or a danger to the community and that no alternative conditions would mitigate those risks. (Dkt. # 1 at 11-12.) A permanent injunction requires a "cognizable danger of recurrent violation," not merely a past violation. *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003); *see Torres v. Hermosillo*, 2026 WL 145715, at *8 (W.D. Wash. Jan. 20, 2026). While the record establishes that Petitioner was redetained without constitutionally adequate process, it does not demonstrate a specific, real, and immediate threat that she will again be redetained without due process. Nor does the petition engage with the elements required for permanent injunctive relief under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2008). Accordingly, Petitioner's request for permanent injunctive relief is denied.

### IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)    Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part.

ORDER - 6

a.    Within **twenty-four (24) hours**, Respondents shall release Petitioner from immigration detention under conditions consistent with applicable statutory and regulatory authority; and

b.    Within **two (2) business days**, Respondents shall file a status report with the Court confirming Petitioner's release.

(2)    Petitioner's request for permanent injunctive relief is DENIED without prejudice.

(3)    The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are reminded of the meet and confer requirement under this Court's chambers procedures.

Dated this 16th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7